By the Court.—Freedmah, J.
There can be no doubt that the relation of passenger and carrier existed between the parties at the time of the injury, and that the plaintiff, as a passenger, was injured in the attempt to get on board of a car belonging to a train run by the defendant.
*243 At the trial, her testimony was sufficient to carry the case to the jury, both upon the question of negligence in the agents and servants of the defendant in suddenly starting the train before the plaintiff had a reasonable opportunity to get on it, and upon the question of contributory negligence on her part. The credibility of her testimony and that of a female witness who largely corroborated her, was for the jury. No error was, therefore, committed by the court in refusing to non-suit. The evidence given on the part of the defense with the view of establishing that the plaintiff arrived too late at the statioh and attempted to board the train while it was already in motion, and that consequently, there was no negligence on the part of the defendant, but contributory negligence on the part of the plaintiff, created a conflict, and the conflict remained after the plaintiff had completed her evidence in rebuttal, so that neither side was entitled, as matter of law, to the direction of a verdict upon the main issue.
The case, therefore, was one for the jury, and it was submitted to the jury under a , charge which carefully guarded all the rights of the defendant in every aspect of the case, except in the following particular, viz. :
Throughout the trial, the contention of the defendant had been that the plaintiff did not attempt to get on the car where she stated" she did, and that she could not have fallen into the space between the platform of that car and the platform of the station as she claimed she did, because there was not room enough for her to do so. This alleged improbability of her version of the occurrence was the subject of some remark between the counsel for the defendant and the trial judge at the conclusion of the judge’s charge and while the said counsel was engaged in having certain exceptions to the charge noted, when one of the jurors arose and spoke as follows, viz. : ‘ ‘ That was a point that 1 took a note of. Defendant’s counsel stated that it would be very extraordinary if anybody could come to the conclusion that a lady of her- weight could fall in that space. *244 Now I contend there was ample space. I went yesterday on a train to Woodlawn, constructed in the same way, and I got off at the platform and watched the cars, when they made a start and I seen the space there that would probably be 3 feet by 15 inches between the two platforms, and a lady taking hold and suddenly jerked and thrown in that way, had ample room to fall. It was merely a matter of satisfaction to myself.”
The trial judge thereupon said: “That, gentlemen, is a question for you to consider when you get into your room.”
This instruction would have constituted error and ground for new trial, if it had been objected and excepted to. But the counsel for the defendant did neither, nor did he make any other motion. He thus acquiesced in the instruction as given, and the jury retired. Thereafter the trial judge, it seems, became aware of the incorrectness of the instruction. He consulted with the counsel of both parties, and they not objecting, the jury were recalled to the court room, and, in the presence of counsel, re-instructed as follows, viz. :
“Gentlemen of the jury : I have called for you in order to speak to you about a circumstance which occurred before you went out. One of your number stated that he himself personally examined one of the cars, and in the jury-box he stated what was the result of his examination. I have called both of the counsel and speak with their consent. I desire to say to you, that you have sworn to find a verdict on the evidence, and what has been discovered by a member of your body is not evidence, and must in no way influence you and it should in no way influence him.”
The counsel for the defendant again failed to express any dissent. The counsel for the plaintiff then, offered to withdraw the juror who had made the examination, and to take the verdict of the other eleven. The counsel for the defendant still persisted in remaining silent. The jury then again withdrew, and, upon the completion of their deliberations, they rendered a verdict for the plaintiff for *245 $12,500, and, upon being polled pursuant to the request of defendant’s counsel, each juror answered that such was his verdict.
Under the circumstances stated, the error in the first charge was cured by the subsequent instruction, and any further objection which might have been raised on the part of the-defendant on the general ground of prejudice, was waived, whether the conduct of the juror in question be considered as misconduct, or as an irregularity. In either case all the authorities are to the effect that the defendant, by taking the chances of a favorable verdict, with full knowledge of the objectionable act of the juror, and without objecting to it in any way, waived whatever objection might have been made.
Moreover, the point would not be available to the defendant on this appeal, even if it had not been waived. True, there is an appeal from an order denying defendant’s motion for a new trial in conjunction with an appeal from the judgment. But the motion for a new trial was made on the exceptions taken, and on the alleged ground that the verdict was excessive, and contrary to the evidence, and contrary to law. These grounds did not embrace any question arising upon the act of the juror referred to. So the motion for a new trial was made on the minutes of the judge, whereas the motion for a new trial on the ground of objectionable conduct on the part of a juror must be made to the court at special term, either upon a case settled, or affidavits, or both.
For the reasons stated it must be held that the defendant has no ground of complaint on account of any of the instructions given to the jury, or the, conduct of the individual juror referred to. I also carefully examined the refusals to charge, but could discover no error in respect to any of them for which, a new trial could be ordered.
The exception to the admission of evidence at fol. 175, is clearly untenable, and upon the closest scrutiny of the evidence on both sides, it cannot be said that the verdict is against the evidence or the weight of the evidence, or that *246 it is excessive. The case was one peculiarly within the province of the jury, and falls within the rule that a verdict fairly sustainable upon conflicting testimony will nob be disturbed.
The judgment and order appealed from should be affirmed with costs.
Sedgwick, Ch. J., concurred.